IN THE IOWA DISTRICT COURT FOR FRANKLIN COUNTY

| | |
|---|---|
| JOHN HANSON, <br><br> Plaintiff, <br><br> v. <br><br> HAGERTY INSURANCE AGENCY, L.L.C., and ESSENTIA INSURANCE COMPANY; <br><br> Defendants. | Case No. LACV501234 <br><br> C15-3132 MWB <br><br> PETITION AT LAW AND JURY DEMAND |

**COMES NOW** the Plaintiff, John Hanson, and, for his causes of action against the Defendants Hagerty Insurance Agency, L.L.C. and Essentia Insurance Company, respectfully states:

## GENERAL ALLEGATIONS

1. At all times material hereto, the Plaintiff John Hanson (hereinafter referred to as "Hanson"), is and was a resident of Dows, Franklin County, Iowa.

2. At all times material hereto, Defendant Hagerty Insurance Agency, LLC (hereinafter referred to as "Hagerty"), is and was an insurance company incorporated in the state of Delaware with its principal office is Traverse City, Michigan and authorized to do business in the state of Iowa, and at all times material hereto was doing business issuing, in return for premiums, policies of insurance, including the automobile insurance policy which is the subject of this lawsuit.

3. At all times material hereto, Defendant, Essentia Insurance Company (hereinafter referred to as "Essentia"), is and was an insurance company incorporated in the state of Missouri with its principal office in Deerfield, Illinois and authorized to do business in the state of Iowa,

and at all times material hereto was so doing business issuing, in return for premiums, policies of insurance, including the automobile insurance policy which is the subject of this lawsuit.

## COUNT I – BREACH OF CONTRACT

For claims against Hagerty Insurance Agency, LLC and Essentia Insurance Company, Hanson states:

4. Hanson re-pleads, adopts and incorporates paragraphs 1-3 above as if stated here.

5. On or about May 31, 2013, Plaintiff purchased a 1967 Ford Mustang, 2 door Fastback Coupe, VIN#7T02S195840 from Kevin Gibson in the amount of $29,000.

6. Defendant Hagerty issued a policy of insurance number 8N45897 to Plaintiff and said policy included coverage known as "property damage" to the extent of $100,000 per accident and identified a guaranteed value for the vehicle in the amount of $29,000 which was the purchase price.

7. The insurance policy between Hagerty Insurance and the Plaintiff was underwritten by Essentia Insurance Company.

8. Hagerty insurance, not only sold the policy in question, but also administers the policy.

9. The insurance policy is a contract between the three parties.

10. The contract specifically provides for coverage of "other than collision" which is defined to include coverage for "theft"

11. On January 16, 2014, Plaintiff contracted with Darrin Cooper, owner of Cooper's Classics, L.L.C. (hereinafter jointly referred to as "Cooper"), to perform restoration work on said vehicle and paid Cooper's $15,000 as a 50% down payment for the restoration work to be

performed and Cooper picked up the vehicle at Plaintiff's Dows, Iowa residence to transport the vehicle to his shop in Terre Haute, Indiana.

12. On May 8, 2014, the Terre Haute Indiana Police Department impounded several vehicles from Cooper's Classics, LLC including Plaintiff's vehicle.

13. On May 28, 2014, the Terra Haute Police Department notified Plaintiff that his vehicle was impounded and in their possession.

14. On or about August 6, 2014, Plaintiff drove to Indiana to the Terre Haute Police impound where the vehicle was released to him but was found to be in a condition wherein several parts were missing and damages to the vehicle were extensive.

15. On August 7, 2014 upon returning to Iowa with the vehicle, Plaintiff gave notice of loss to Hagerty.

16. On August 11, 2014 Hagerty inspected the vehicle and prepared an estimate of the damages.

17. On August 21, 2014, Defendant Hagerty notified Plaintiff that they were denying Plaintiff's claim of loss and Defendant Essentia issued a check in the amount of $3,074.97 to cover their evaluation of Plaintiff's losses, which did not take into consideration the guaranteed value of Plaintiff's vehicle of $29,000.00.

18. Plaintiff disagrees with Defendants Hagerty and Essentia's evaluation of the vehicle damage.

19. Defendants Hagerty and Essentia were in breach of contract, failing to fully compensate Plaintiff for property loss under an insurance policy issued by the parties.

20. The damage to Plaintiff's vehicle was greater than $3,074.97.

21. As a direct result of the unlawful actions of the Defendants Hagerty Insurance Agency, LLC and Essentia Insurance Company, the Plaintiff has suffered losses and incurred reasonable attorney fees and expenses.

## COUNT II – BAD FAITH

For claims against Hagerty Insurance Agency, LLC and Essentia Insurance Company, Hanson states:

22. Hanson re-pleads, adopts and incorporates paragraphs 1-21 above as if stated here.

23. Defendants Hagerty and Essentia issued a policy to Plaintiff Hanson with a guaranteed value of Plaintiff's vehicle of $29,000.

24. Upon making a claim of loss to Hargerty and Essentia, the claim for full coverage was denied and a lesser value was offered on August 21, 2014.

25. Defendants were unreasonable and failed to act in good faith in their evaluation and handling of Plaintiff's claim of loss.

26. Specifically, Defendants evaluated the damage to the vehicle less than the true amount and attempted asserted the policy exclusions in a fashion to negate proper coverage.

27. Defendants did not have a good faith basis objectively and subjectively for evaluating the claim as such.

28. As a direct result of the unlawful actions of the Defendants Hagerty Insurance Agency, LLC and Essentia Insurance Company, the Plaintiff has suffered losses and incurred reasonable attorney fees and expenses.

29. Such conduct was intentional and malicious or with reckless disregard for Plaintiff.

WHEREFORE the Plaintiff respectfully requests and prays that judgment be entered against the Defendants, in an amount which will fully and fairly compensate the Plaintiff for his damages, including punitive damages, together with interest thereon as provided by law, and for the costs of this action.

## JURY DEMAND

**COMES NOW** the Plaintiff, John Hanson, and hereby demands a trial by jury of all issues properly able to be tried to a jury.

Respectfully submitted,

By: /s/Bruce H. Stoltze, Jr.
Bruce H. Stoltze, Jr.   AT0010694
Stoltze & Updegraff, P.L.C.
300 Walnut Street, Suite 260
Des Moines, Iowa 50309
Telephone: 515-244-1473
Facsimile: 515-244-3930
Email: bj.stoltze@stoltzelaw.com

**ORIGINAL FILED.**