# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JOHN HANSON, <br><br> Plaintiff, <br><br> vs. <br><br> HAGERTY INSURANCE AGENCY, L.L.C. and ESSENTIA INSURANCE COMPANY, <br><br> Defendants. | No. C15-3132-MWB <br><br> **ORDER** |

      This case is before me on plaintiff's motion (Doc. No. 20) for leave to amend responses (or, more accurately, non-responses) to defendants' requests for admissions. Defendants have filed a resistance (Doc. No. 25) and plaintiff has filed a reply (Doc. No. 30). No party has requested oral argument.

## *RELEVANT BACKGROUND*

      Plaintiff John Hanson filed this action in the Iowa District Court for Franklin County on February 15, 2015. *See* Doc. No. 3. The named defendants are Hagerty Insurance Agency, L.L.C. (Hagerty), and Essentia Insurance Company (Essentia). Hanson alleges that he purchased an Essentia insurance policy through Hagerty to cover a 1967 Ford Mustang. He further alleges that in January 2014, he contracted with an Indiana company to have restoration work performed on the Mustang. Hanson states that while the vehicle was in Indiana, it was impounded by local law enforcement officers. He contends that when he retrieved the vehicle from impound, it was damaged and several parts were missing. Hanson contends that he made a claim under his Essentia policy

and received some reimbursement, but contends that more is owing. He asserts claims for breach of contract and bad faith and requests actual and punitive damages.

On May 26, 2015, while the case was still pending in state court, defendants served requests for admissions (the Requests) on Hanson. Pursuant to the Iowa Rules of Civil Procedure, the Requests were deemed admitted if Hanson did not deny them by June 29, 2015. *See* Iowa R. Civ. P. 1.510(2). Hanson did not respond by that deadline.

On July 22, 2015, defendants removed this case to this court. *See* Doc. No. 2. The removal was based, in part, on Hanson's failure to respond to the Requests. Specifically, the notice of removal stated that the Requests had been served, that Hanson had not responded and that all of the Requests were thereby deemed admitted under Iowa law. *Id.* at ¶¶ 11-12. The notice further explained that one of the admitted Requests is that the amount in controversy exceeds $75,000. *Id.* at ¶ 12. Based on that admission, defendants alleged that removal was appropriate pursuant to 28 U.S.C. § 1332. *Id.* at ¶¶ 12-14.

Because the notice of removal expressly referenced the Requests and was based, in part, on Hanson's failure to respond to them, one might assume that Hanson and his counsel reacted by attempting to cure his failure to respond. That did not happen. Instead, the case proceeded in this court for three months with no suggestion that Hanson's failure to respond was inadvertent. On September 9, 2015, I approved and entered the parties' joint proposed scheduling order and discovery plan. *See* Doc. No. 11. Among other things, that document established a deadline of May 10, 2016, for the completion of discovery. Trial is scheduled to begin October 31, 2016. *See* Doc. No. 12.

On September 11, 2015, two days after the scheduling order was filed, defendants filed a motion (Doc. No. 13) for summary judgment. Like their prior notice of removal, the motion for summary judgment is based, in large part, on facts Hanson admitted by failing to respond to the Requests. In particular, defendants contend that certain policy

exclusions are triggered by the admitted facts. *See, e.g.*, Doc. No. 13-1 at 9-11; Doc. No. 13-3 at 1-3. Even after being confronted with a dispositive motion that arose directly from his failure to respond, Hanson did not act with any haste to cure that failure. Instead, he filed his pending motion (Doc. No. 20) to amend his responses to the Requests over a month later, on October 19, 2015. He served responses to the Requests on the same date. *See* Doc. No. 30-1.

## *ANALYSIS*

Hanson brings his motion pursuant to Federal Rule of Civil Procedure 36(b), which states:

> **Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).[1] This rule creates a two-pronged analysis under which the court must consider both the effect on the litigation and the prejudice to the resisting party. *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (citing *Mid Valley Bank v. North Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal.1991)). Fortunately for Hanson, this analysis does not require consideration of the movant's reasons or excuses for an erroneous admission. *Id*.

---

[1] Hanson does not argue that the removal of this action after the requests were already deemed admitted under Iowa law impacts the analysis. As such, I will treat the requests for admissions as if they had been served and admitted under the Federal Rules of Civil Procedure.

The first prong – the effect on the litigation – focuses on whether permitting the amendment or withdrawal of an admission would promote the movant's ability to have the case heard and decided on its merits. *Id.*; *see also Edeh v. Equifax Information Servs., L.L.C.*, 295 F.R.D. 219, 224-25 (D. Minn. 2013). That is plainly the situation here. As this court noted under similar circumstances: "Clearly, withdrawal of the admissions would promote the presentation of the merits of the action. If the admissions are permitted to stand, then those matters set forth in the request for admissions are conclusively established and [plaintiff's] claim is effectively done." *Exum v. Portfolio Recovery Assocs., L.L.C.*, No. C11-0075, 2012 WL 1831572, at *5 (N.D. Iowa May 18, 2012). I find that the first prong of the Rule 36(b) analysis weighs in Hanson's favor.

As for the second prong, the Eighth Circuit Court of Appeals has explained that the prejudice contemplated by the rule "'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Prusia*, 18 F.3d at 640 (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983), in turn quoting *Brook Village North Associates v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Notably, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Id.* (citing *Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) and *Rabil v. Swafford*, 128 F.R.D. 1, 3 (D.D.C. 1989)). The Eighth Circuit explained its conclusion in *Prusia* as follows:

> After examining the record, we find that Prusia has made no showing that he would have been prejudiced by the admission. The FDIC moved to amend its admissions prior to the district court's hearing on Prusia's summary judgment motion and well in advance of the pretrial conference. Although Prusia may have difficulty finding evidence to establish that the FDIC was appointed receiver on July 28, 1986, this difficulty derives from the inaccuracy of the admissions rather than the stage of the proceedings at which the FDIC sought to amend its admissions.

4

*Id.*

The same is true here. While Hanson's failure to respond to the Requests – even after that failure was highlighted in the notice of removal – is inexplicable, the defendants have not demonstrated prejudice within the meaning of Rule 36(b). They (understandably) filed an early motion for summary judgment based on Hanson's admissions, but allowing Hanson to withdraw those admissions will serve only to impose on the defendants the same burden they would have had without the admissions. This case is still at an early stage, with six months of discovery remaining. Trial is nearly a year off. I find *Prusia* to be controlling in this situation and, therefore, that it compels the relief Hanson seeks.[2]

### *CONCLUSION*

For the reasons set forth herein, plaintiff John Hanson's motion (Doc. No. 20) for leave to amend responses to defendants' requests for admissions is **granted**. The responses (Doc. No. 30-1) attached to Hanson's reply shall serve as Hanson's amended responses to defendants' first set of requests for admissions.

---

[2] Hanson's motion failed to comply with this court's rules in several respects. He did not attach a copy of the requests for admissions themselves, or of his amended responses. *See* N.D. Ia. L.R. 37(b). Nor did he file a brief containing a statement of the grounds for the motion and citations to the authorities upon which he relies. *See* N.D. Ia. L.R. 7(d). His reply, however, cured these deficiencies to some extent by (a) setting forth legal arguments in support of his motion and (b) including the amended responses. *See* Doc. Nos. 30 and 30-1. I find that the interests of justice and the court's preference for deciding cases on their merits justify overlooking Hanson's procedural failures, this time. For future reference, however, Hanson and his counsel are cautioned that disregarding the court's rules is not a winning strategy.

**IT IS SO ORDERED.**

**DATED** this 6th day of November, 2015.

                                    _____
                                    LEONARD T. STRAND
                                    UNITED STATES MAGISTRATE JUDGE